. HUBBARD et al. v. LOOSCHEN.

(Supreme Court, Appellate Division, First Department. October 23, 1896.)

PAYMENT—EVIDENCE.
. A finding that the note sued on had not been paid is sustained by the evi-
dence, where defendant's testimony that it had been paid by delivery of
· notes of a third person to plaintiffs is contradicted by plaintiffs, and it ap-
pears that the notes so delivered by defendant were slightly in excess of
another debt due from him to plaintiffs, and that plaintiffs gave him a
check for the excess.

Appeal from judgment on report of referee.

Action by Samuel H. Hubbard and John C. King against Emma A.
Looschen, as executrix of the will of John W. Looschen, on a promis-
sory note. There was a judgment in favor of plaintiffs, and defend-
ant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and
WILLIAMS, JJ.

Joseph N. Tuttle, for appellant.
Norman S. Dike, for respondents.

WILLIAMS, J. The action was brought to recover the amount
of a promissory note for $126.25. The making and delivery of the
note were admitted. The defenses were that the note had been
paid, and that a settlement had been made between the parties,
which covered this note. The referee decided that the note had
not been paid, and that it was not covered by the settlement, and
ordered judgment accordingly for the plaintiffs.

As to the defense of payment, the question was purely one of
fact, as to which the decision of the referee upon conflicting evi-
dence should not be disturbed. The defendant claimed the pay-
ment was made by the delivery of a note of a third party (one J.
S. Dewing) for $130. Defendant so testified, while one of the plain-
tiffs and their agent testified to the contrary. The counsel for
the appellant makes no argument as to this branch of the case,
but confines himself to the defense of settlement. It seems to
me this also was purely a question of fact, for the decision of the
referee upon conflicting evidence. There seems to be no dispute
but that at the time of the settlement the defendant was indebted
to the plaintiffs upon two notes,—one for $167.53, and the other for
$199.34,—making a total of $366.87. At that time defendant de-
livered to Mr. Dike, attorney for plaintiffs, notes of third parties,—
one of R. B. Lee for $115, and one of F. Muehlfeld for $111.36,—
and he had before that paid Mr. Dike $50 in money, and delivered
to him another note of a third party (one Muehlfeld) for $100, mak-
ing a total of $376.36. This was an overpayment of the two notes
owing by him of $9.48. This difference is very likely accounted
for by the note at the bottom of the receipt, "Check for $9.08 to
J. W. L." It is evident certainly there was no claim made that
this small item was intended as a payment in settlement of the
note in suit. The figures were made, and the notes and cash were

delivered in payment of the two notes mentioned, which were concededly owing and unpaid, and of nothing else. This being done, a receipt was given by Mr. Dike, closing with the words, "being in settlement to date for overdue notes due S. H. Hubbard & Co.," who were the plaintiffs. The plaintiffs claim that the note in suit was not considered in the settlement at all, but was overlooked by mistake. The defendant claims that the note in suit was talked about, that both parties agreed it was paid, and that the receipt was expressly said to cover this note, which, though paid, had not been delivered to the defendant. There is a sharp conflict in the evidence on this subject between the defendant and Mr. Dike. It turns out that the note had not in fact been paid, and we do not think the finding by the referee that the note was not talked about or considered at the time the settlement was made and the receipt given should be disturbed. Considering the finding of the referee as to the fact as well made, it cannot be doubted that the note in suit was by mistake left out of the settlement, was not covered by it, and constituted no defense to this action for the recovery of the amount of the note. The authorities referred to in the opinion of the referee were ample authority for the proposition for which they were cited.

The judgment appealed from should be affirmed, with costs. All concur.